20 F.3d 379
 Charles WILSON; Patricia Wilson, as parents and next friend
of Brian Wilson, a minor, and Charles and Patricia
Wilson, individually, Plaintiffs-Appellees,
v.
MERRELL DOW PHARMACEUTICALS INC., a subsidiary of Dow
Chemical Company, Defendant-Appellant,
and
Merrell National Laboratories, Inc.; Merrell National
Laboratories, Division of Richardson-Merrell,
Inc.; Dow Chemical Company;
Richardson-Merrell, Inc., and
subsidiaries
thereof, Defendants.
 No. 90-5257.
 United States Court of Appeals,
Tenth Circuit.
 March 10, 1994.
 
 Appeal from the United States District Court, Northern District of Oklahoma; James O. Ellison, Chief Judge.
 
 
 1
 Before EBEL and HOLLOWAY, Circuit Judges, and OWEN,* District Judge.
 
 ORDER AND JUDGMENT
 
 2
 This diversity action was brought by Charles Wilson and Patricia Wilson, as parents and next friends of Brian Wilson, a minor, and Charles and Patricia Wilson, individually. It sought damages against Merrell Dow Pharmaceuticals Inc., inter alia, as manufacturer and distributor of Bendectin, a medication for control of morning sickness. Dow Chemical Company was also sued, as a parent corporation, and a motion by that defendant for summary judgment was granted. However, a similar motion by Merrell Dow Pharmaceuticals Inc. for summary judgment was denied, the district court having found that substantial scientific evidence exists to support the conflicting arguments of the parties regarding causation of birth defects of Brian Wilson, allegedly caused by Bendectin ingestion by his mother.
 
 
 3
 The district court found that there was not a comprehensive response by the plaintiffs to Dow Chemical Company's motion for summary judgment, and that the motion of Dow Chemical Company was well taken. However, in view of the finding about conflicting scientific evidence, the motion of Merrell Dow Pharmaceuticals Inc. for summary judgment was overruled.
 
 
 4
 A petition for an interlocutory appeal pursuant to 28 U.S.C. Sec. 1292(b) with respect to the denial of its summary judgment motion was filed by Merrell Dow Pharmaceuticals Inc. in the district court, and was granted by that court. The grant of that appeal concerned issues, as defined by the district court, of whether plaintiffs' evidence on whether Bendectin can cause birth defects in humans, specifically, limb defects, is sufficient and/or admissible to create a question for a jury. Finding substantial grounds for a difference of opinion on the issue, and that an immediate appeal would materially advance the ultimate termination of the litigation, the interlocutory appeal was granted. This court entered an order permitting such appeal in accordance with 28 U.S.C. Sec. 1292(b).
 
 
 5
 After subsequent briefing and argument of the instant appeal before this court, the Supreme Court of the United States decided Daubert v. Merrell Dow Pharmaceuticals Inc., --- U.S. ----, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The Supreme Court there vacated the Ninth Circuit's affirmance of a summary judgment granted for Merrell Dow Pharmaceuticals Inc., and remanded in a similar case, after addressing the standard for admitting expert scientific testimony in federal trials. Subsequent to the decision of the Court in Daubert, we have received several memoranda from the parties. While they make different comments about Daubert, they are agreed that this cause should be remanded to the district court for further proceedings in light of Daubert. We reach the same conclusion. Accordingly,
 
 
 6
 It is ORDERED that the March 2, 1990, order of the District Court denying the motion for summary judgment filed by Merrell Dow Pharmaceuticals Inc. is VACATED.[1] The cause is REMANDED to the District Court for further proceedings in light of Daubert v. Merrell Dow Pharmaceuticals Inc., supra.
 
 
 
 *
 The Honorable Richard Owen of the Southern District of New York, sitting by designation
 
 
 [1]
 We have noted that the District Court's October 5, 1990, order inadvertently stated in its penultimate paragraph that the motion for summary judgment of Merrell Dow Pharmaceuticals Inc. was granted. The contrary intent is clear from the remainder of that order; from the District Court's earlier order of March 2, 1990, denying the motion of Merrell Dow Pharmaceuticals Inc. for summary judgment, as shown by statements at pages 1 and 2 thereof; from the application of Merrell Dow Pharmaceuticals Inc. for permission to appeal under 28 U.S.C. Sec. 1292(b); and from the District Court's October 23, 1990, order granting the application of Merrell Dow Pharmaceuticals Inc. for interlocutory appeal